**Wacks & Hartmann, LLC**
Attorneys at Law
55 Madison Avenue, Suite 320A
Morristown, NJ 07960-7397
Telephone:  (973) 644-0770
Attorney of Record: Philip D. Stern
Attorneys for Plaintiff, Julieann R. Gardner

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIEANN R. GARDNER, an individual; on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., a California Corporation doing business as CREDIT MANAGEMENT SERVICES;  and JOHN AND JANE DOES NUMBERS 1 THROUGH 50,<br><br>   Defendants. | Case No.: _____<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, JULIEANN R. GARDNER, on behalf of herself and all those similarly situated, by way of this Class Action Complaint against Defendants, says:

## I.  PARTIES

1.    JULIEANN R. GARDNER is a natural person. who, at all times relevant to this complaint, was a citizen of, and resided in, the Township of Gloucester City, Camden County, New Jersey.

2.      At all times relevant to this complaint, TRANSWORLD SYSTEMS, INC. is a California corporation doing business as CREDIT MANAGEMENT SERVICES. Based on information and belief, TRANSWORLD maintains its principal business address at 2520 South 170th Street, City of New Berlin, Waukesha County, Wisconsin.

3.      Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

4.      The Plaintiff is informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 50, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of TRANSWORLD that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by TRANSWORLD and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.      Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

7.      Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant, TRANSWORLD, is subject to personal jurisdiction in the State of New Jersey at the time this action is commenced.

## III.  PRELIMINARY STATEMENT

8.      Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

9.      Such practices include, *inter alia*:

(a)     Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of TRANSWORLD's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

10.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

11.     The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held

that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111, fn5 (3d Cir. 1991).

12.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

13.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are:  the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

14.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal

in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, or actual damages payable by the Defendants.

## IV. FACTS CONCERNING PLAINTIFF

15.     Sometime prior to February 2008, GARDNER allegedly incurred a financial obligation ("Gardner Obligation").

16.     The Gardner Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17.     GARDNER is alleged to have defaulted on the Gardner Obligation.

18.     The Gardner Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19.     GARDNER is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20.     GARDNER is informed and believes, and on that basis alleges, that sometime prior to February 2008, the creditor of the Gardner Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to TRANSWORLD for collection.

21.    TRANSWORLD collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22.    TRANSWORLD is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.    Within the one year immediately preceding the filing of this complaint, TRANSWORLD contacted GARDNER via telephone in an attempt to collect the Gardner Obligation.

24.    Within the one year immediately preceding the filing of this complaint, TRANSWORLD placed telephone calls to GARDNER and left prerecorded telephonic voice messages ("Messages") on her home answering machine.

25.    On at least the dates of March 12, 13, 14, 24, 25, 26, and 27, of 2008, TRANSWORLD left GARDNER the following "pre-recorded" Message on her home answering machine:

> "We have a very important business call for - Julieann Gardner. Please call us back at 866-706-5681. Thank you."

26.    Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

27.    Each of the Messages was left by, or caused to be left by, persons employed by TRANSWORLD.

28.     Each of the Messages uniformly failed to identify TRANSWORLD as the caller.

29.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

30.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

31.     Each of the Messages is false, deceptive, and misleading in that the natural consequence of these communications is to harass, oppress, or abuse the least sophisticated consumer and other persons in violation of the FDCPA.

32.     Each of the Messages is false, deceptive, and misleading insofar as TRANSWORLD failed to give meaningful disclosure of its identity, disclose the purpose of its call, or disclose that TRANSWORLD is a debt collector, thereby circumventing Congress's intent to permit the Plaintiff to make an informed decision as to whether they wished to speak with a debt collector.

## V.  POLICIES AND PRACTICES COMPLAINED OF

33.     It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

(a)     Provide meaningful disclosure of TRANSWORLD's identity as the caller;

(b)     Disclose that the communication was from a debt collector; and

(c)     Disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

34.     On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the thousands.

## VI.  CLASS ALLEGATIONS

35.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36.     The Plaintiff Class consists of all persons with addresses in the United States of America who received a telephonic voice message from TRANSWORLD left after one-year immediately preceding the commencement of this civil action up through and including the date of preliminary class certification, which message failed to meaningfully identify TRANSWORLD as the caller, disclose that the communication was from a debt collector, or state the purpose or nature of the communication.

37.     The identities of all class members are readily ascertainable from the records of TRANSWORLD and those companies and governmental entities on whose behalf it attempt to collects debts.

38.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of TRANSWORLD and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39.    The class period is one year prior to the filing of the initial complaint in this action and continues up to and including the date of preliminary class certification.

40.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

35.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

36.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

37.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil

Procedure because there is a well-defined community interest in the litigation:

    (a)    **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are:

        (i)    Whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6); and

        (ii)    Whether the Defendants' telephonic voice messages, such as the  Messages, violate 15 U.S.C. §§ 1692e(11).

    (c)    **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel

experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

38.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that the Defendants have acted or refused to act on grounds that apply generally to the class, so that corresponding declaratory relief is appropriate respecting the Plaintiff Class as a whole.

39.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)     The questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member; and

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

40.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

41.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of TRANSWORLD's identity as the caller in violation of 15 U.S.C. § 1692d(6).

(b)     Failing to disclose in its initial communication with the consumer that TRANSWORLD is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11).

(c)     Failing to disclose in all oral communications that TRANSWORLD is

a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII.  PRAYER FOR RELIEF

42.     WHEREFORE, Plaintiff respectfully requests that the Court enter

judgment in her favor and in favor of the Plaintiff Class as follows:

(a)     An order certifying that the First Cause of Action may be maintained

as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure

and appointing GARDNER and the undersigned counsel to represent

the Plaintiff Class as previously set forth and defined above.

(b)     An award of the maximum statutory damages for GARDNER and the

Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(c)     Declaratory relief adjudicating that TRANSWORLD's telephone

messages violate the FDCPA;

(d)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §

1692k(a)(B)(3); and

(e)     For such other and further relief as may be just and proper.

**WACKS & HARTMANN, LLC**

Dated: March 25, 2009                    */s/ Philip D. Stern*
_____
PHILIP D. STERN
Attorneys for Plaintiff, Julieann R. Gardner, and
all others similarly situated